UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SKIBOKY SHAVAR STORA,

          Plaintiff,

    - against -

DON'T ASK WHY OUTFITTERS; AMERICAN
EAGLE OUTFITTERS, INC.; RETAIL ROYALTY
COMPANY; THEODORE R. REMAKLUS;
WOOD, HERRON & EVANS, LLP; JAY L.
SHOTTENSTEIN; and BRANDY MELVILLE
CORPORATION,

          Defendants.
-------------------------------------------------------------------X
SKIBOKY SHAVAR STORA,

          Plaintiff,

    - against -

GENERAL PANTS CO. PTY; DON'T ASK
AMANDA CLOTHING; HOWARD GOLDBERG;
CRAIG KING; ROGER H. BORA; and THOMPSON
HINE LLP,

          Defendants.
-------------------------------------------------------------------X

ORDER ADOPTING
REPORT AND RECOMMENDATION
15-CV-7106 (RRM) (RML)

16-CV-180 (RRM) (RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff *pro se* Skiboky Shavar Stora commenced the above-captioned copyright actions on December 11, 2015, (*see* Compl. in 15-CV-7106 (the "7106 Compl.") (Doc. No. 1)), and January 12, 2016, (*see* Compl. in 16-CV-180 (the "180 Compl." (Doc. No. 1)). Both of these cases center on Stora's allegation that defendants in each case have infringed upon copyrights of his visual artwork containing the words "Don't Ask." (*See* 7106 Compl. Exs. A, B; 180 Compl.) Broadly construed, Stora's complaints allege that all of the defendants have engaged in the

business of advertising, marketing, and selling clothing lines featuring logos or designs that infringe on his copyrighted artwork.

Numerous motions are pending in these cases, including Stora's motions for a preliminary injunction, for default judgments, to compel discovery, to amend his complaints, and for contempt; as well as defendants' motions for judgment on the pleadings, or, in the alternative, for summary judgment, and to dismiss for lack of jurisdiction. (*See generally* 15-CV-7106 (Doc. Nos. 17, 20, 32, 37, 39, 53–54, 59, 63, 71–72, 87); 16-CV-180 (Doc. Nos. 22, 28–29, 32, 34–35, 40, 42–43, 45, 52). By orders dated March 10, 2016, this Court referred all motions in these cases to the assigned Magistrate Judge, the Honorable Robert M. Levy, for a Report and Recommendation.

On December 7, 2016, Judge Levy issued a Report and Recommendation, a copy of which was electronically mailed to Stora, recommending that Stora's cases be dismissed and Stora's motions be denied. (*See* Report & Recommendation 15-CV-7106 (Doc. No. 97); Report & Recommendation 16-CV-180 (Doc. No. 67)) (collectively, the "R&R").[1] Judge Levy reminded the parties that, pursuant to Rule 72(b), any objections to the R&R must be filed by December 21, 2016. On December 21, 2016, Stora filed an objection to the R&R in both cases. (*See* Obj. 15-CV-7106 (Doc. No. 99); Obj. 16-CV-180 (Doc. No. 69).)

## STANDARD OF REVIEW

When reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party raises an objection to an R&R, "the court is required to conduct a *de novo* review of the contested sections." *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

---

[1] Judge Levy addressed the pending motions in both cases in a single R&R and entered a copy of the R&R on each docket. (*See* R&R).

2

Portions to which no party has objected are reviewed for clear error. *See Morritt v. Stryker Corp.*, 973 F. Supp. 2d 177, 181 (E.D.N.Y. 2013); *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011). The Court will find clear error only where, upon a review of the entire record, it is left with the definite and firm conviction that a mistake has been committed. *See* Fed. R. Civ. P. 72(a); *Regan v. Daimler Chrysler Corp.*, No. 07-CV-1112 (RRM) (JO), 2008 WL 2795470, at *1 (E.D.N.Y. July 18, 2008) (quoting *Nielsen v. New York City Dep't of Educ.*, No. 04-CV-2182 (NGG) (LB), 2007 WL 1987792, at *1 (E.D.N.Y. July 5, 2007)) ("[T]he district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.")

## DISCUSSION

Although Stora filed an objection to the R&R in both cases, neither objection contained substantive arguments contesting portions of the R&R. (*See* Obj. 15-CV-7106; Obj. 16-CV-180.) Rather, the objections simply include a trademark information sheet for a logo using the words "Don't Ask," similar to the trademark information sheet attached as Exhibit B to Stora's complaint in 15-CV-7106. (*Compare* Obj. 15-CV-7106 at 4–6, *and* Obj. 16-CV-180 at 4–6, *with* 7106 Compl. at 4–5.)[2] Because Stora failed to provide substantive arguments contesting portions of the R&R, the Court reviews the R&R for clear error.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

---

[2] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

## CONCLUSION

Accordingly, it is hereby ORDERED that defendants' motions to dismiss the complaint be granted. (Mot. to Dismiss 15-CV-7106 (Doc. No. 59); Mot. to Dismiss 16-CV-180 (Doc. Nos. 34–35).) It is further ordered that all of Stora's pending motions are denied.[3]

The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Memorandum and Order and the accompanying judgment to plaintiff Skiboky Shavar Stora, *pro se*, note the mailing on the docket, and close these cases.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
March 15, 2017

_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[3] The Court notes that after the issuance of Judge Levy's R&R, Stora filed motions for summary judgment in both cases on January 26, 2017. (*See* Mot. Summ. J. 15-CV-7106 (Doc. No. 103); Mot. Summ. J. 16-CV-180 (Doc. No. 72.) Stora's motions for summary judgment are premature because the parties have yet to begin discovery in these cases. *See* Fed. R. Civ. P. 56(d) (stating that courts may deny a motion for summary judgment where nonmovants have not had a chance to take discovery). In any case, both motions for summary judgment merely restate Stora's previous allegations, which were rejected in the R&R. Accordingly, the Court denies Stora's motions for summary judgment.